And now, at this term, the opinion of the Court was delivered by
Parsons, C. J.
The question submitted to the Court depends on the construction of the statute authorizing the proprietors to erect Dighton bridge. The words of the statute relating to this subject are, “ And the said proprietors shall constantly keep some suitable person or persons at the said bridge, who shall raise said draw for any vessel that shall he passing up or down the river aforesaid, without toll or expense.” A penalty is also added for delaying any vessel more than five minutes before the draw shall oegin to be raised.
The proprietors contend, that the plaintiff's vessel is not a vessel within the intent of the statute; because it is a lighter, which is not in Taunton river commonly denominated a vessel; and because lighters are furnished with a movable mast conveniently taken down and set up again, to enable them to pass other bridges on the river which are not furnished with draws, and, for that reason, this bridge is no obstruction to the convenient passage of them up and down the river, when the draw is not raised.
On the other side, the plaintiff insists that a lighter is a vessel; that the letter of the statute includes all vessels; and | * 267 J *that the penalty for not raising the draw is incurred if the proprietors refuse to raise it for a lighter.
In deciding this question it is necessary to consider the rights of the public before the bridge was erected. Taunton river, where the bridge is erected, is a navigable river, and as such is a common highway for all people to pass and repass with their vessels of all descriptions at their pleasure; and the bridge, erected without the sanction of the legislature, would have been a nuisance. In construing the statute, we ought not to extend the authority of the proprietors, to restrain the rights of others, further than is necessary to give the statute a reasonable construction. The legislature, in providing a draw, must have contemplated the bridge as an obstruction to the navigation of the river, and must have intended to lessen that obstruction, as far as it could be lessened, by raising the draw. The reasonable construction therefore is, that the draw shall be raised for the passage of all vessels of every description, if the* cannot otherwise conveniently pass. To small lighters with movable masts, so circumstanced in their passage to the bridge, that their masts can conveniently be taken down, and be replaced after their passage, the bridge without the draw would not be an obstruction contemplated by the statute. Such lighters should make their w'ay by striking their masts. Loaded lighters, so circumstanced in *235 their passage to the bridge that their masts cannot be conveniently taken down, and which cannot with their masts up pass the bridge unless the draw be raised, are obstructed by the bridge, and for their reasonable accommodation the draw ought to be raised.
Sproat and Tillinghast, for the plaintiff.
Wheaton and Whitman, for the defendants.
From the case it appears that the plaintiff’s lighter was of the burden of twenty tons, and that she, being loaded with bricks, could not conveniently strike her mast. The case does not state the nature of the inconvenience ; but at the trial it was proved that a parcel of bricks, part of her lading, lay round the step of the mast, which prevented the taking it down, and when the raising of the draw was refused, she was run on the flats, and the bricks removed before the mast could be struck. It is, however, agreed that it was inconvenient * to lower the mast. [ * 268 j For the accommodation of this lighter the draw ought to have been raised, as, without raising it, the bridge was an impediment to her navigation. And because the dravy was refused to be raised, the penalty of the statute was incurred, and the verdict must stand.
We wish it to be understood that our opinion does not include the case of a lighter so circumstanced that her mast, without delaying or interrupting her passage, may conveniently be taken down. For such a lighter the raising of the draw might create unnecessary trouble to the proprietors, and would not materially facilitate the navigation of the river.
Let judgment be entered according to the verdict.